**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Clifford Smith and Robyn Smith,<br>Debtors. | No. CV14-08174-PCT DGC<br>BK NO. 3:10-bk-19970-MCW |
| Clifford Smith and Robyn Smith,<br>Appellants,<br>v.<br>William E. Pierce,<br>Appellee. | **ORDER** |

Appellants Clifford and Robyn Smith ("Debtors") appeal an order from the U.S. Bankruptcy Court granting Appellee's motion to compel turnover of estate property ("turnover motion"). Doc. 5. Appellee William E. Pierce ("Trustee") asks the Court to affirm the Bankruptcy Court's decision. Doc. 9. The appeal is fully briefed. Docs. 5, 9, 14. For reasons set forth below, the Court will affirm the Bankruptcy Court's decision.

**I.      Background.**

The following facts are undisputed. Doc. 5 at 5; Doc. 9 at 4. On June 25, 2010, Debtors filed their Chapter 7 petition and required schedules. Doc. 5 at 5. Debtors' Schedule A listed their residence located in Prescott Valley, AZ ("the property"), and Debtors' Schedule C claimed the Property as exempt in the amount of $70,279.00 pursuant to A.R.S. § 33-1101(A). *Id.* The schedules have not been amended, and no

1 objection to the exemptions was ever filed. *Id.* at 5-6. Debtors received their discharge on September 28, 2010. *Id.*

On July 20, 2012, Debtors filed a motion to sell the property free and clear of the estate ("the sale motion"). Bankr. Doc. 24.[1] The sale motion stated that Debtors were under contract to sell the Property for $280,000, with a closing set for August 30, 2012. Doc. 5 at 6. The sale motion also stated that any equity Debtors realized from the sale would be protected by the Debtors' homestead exemption under A.R.S. § 33-1101(A), and that Debtors "should be permitted to sell the property free and clear of the bankruptcy estate." *Id.* The Trustee was served with the sale motion and no opposition was filed. *Id.* On July 31, 2012, the bankruptcy court held a hearing on the sale motion. *Id.* The Trustee did not attend. *Id.* The bankruptcy court granted the sale motion in an order dated August 1, 2012. *Id.* The Trustee did not appeal. *Id.*

On March 8, 2013, Debtors filed a motion to determine that the proceeds from their post-petition sale are not property of the estate under A.R.S. § 33-1101(C). *Id.* at 7. Debtors noted that they had received communication from the Trustee asserting that "the proceeds from the post-petition sale . . . may become property of the estate unless the Debtors use that money to purchase a new residence before the expiration of eighteen months." *Id.* The Trustee filed an objection to the motion to determine on March 22, 2013, in which he confirmed his position that the sale proceeds were subject to the eighteen-month reinvestment requirement of A.R.S. § 33-1101(C). *Id.* No further action is reflected on the docket regarding the motion to determine. *Id.*

On May 16, 2014, the Trustee filed his turnover motion. *Id.* The bankruptcy court held oral argument on June 9, 2014. *Id.* at 5. On July 1, 2014 the bankruptcy court issued a preliminary order directing the Trustee to file an affidavit explaining why he did not close the Debtors' bankruptcy case prior to the expiration of the eighteen-month reinvestment period, nearly four years after the petition date. *Id.* On August 26, 2014,

---

[1] "Bankr. Doc." citations are to the bankruptcy court docket. *In re Smith*, 3:10-bk-19970-MCW (Bankr. D. Ariz. filed June 25, 2010).

after accepting the Trustee's declaration, the bankruptcy court issued an order granting the Trustee's turnover motion, holding that the proceeds from the post-petition sale were subject to the eighteen-month reinvestment period imposed under § 33-1101(C). *Id.* On September 9, 2014, Debtors filed notice of their appeal. Doc. 1.

## II. Legal Standard.

Under 28 U.S.C. § 158(a)(1), the Court has jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy judges. The Court reviews the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). The Court must accept the bankruptcy court's findings of fact unless the Court "is left with the definite and firm conviction that a mistake has been committed[.]" *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). The Court reviews the evidence in the light most favorable to the prevailing party. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991); *In re Jake's Granite Supplies, L.L.C.*, 442 B.R. 694, 699 (D. Ariz. 2010).

## III. Discussion.

Debtors assert that the bankruptcy court erred in three respects: (1) by refusing to preclude the Trustee's turnover motion on the basis of the court's prior approval of the sale motion, (2) by holding that the proceeds from the sale were subject to the eighteen-month reinvestment limitation of § 33-1101(C), and (3) by holding that the equitable defense of laches did not bar the Trustee's turnover motion. Doc. 5 at 8-19.

### A. Sale Order's Effect on Turnover Motion.

Debtors argue that the Trustee's turnover motion should be precluded by judicial estoppel. *Id.* at 8-10. The doctrine of judicial estoppel protects the integrity of the judicial process by precluding a party "from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990). "Federal law governs the application of judicial

estoppel in federal courts." *Johnson v. Oregon Dep't of Human Res., Rehab. Div.,* 141 F.3d 1361, 1364 (9th Cir. 1998). The bankruptcy court's application of the doctrine is reviewed for abuse of discretion. *See Hamilton,* 270 F.3d at 782.

The Supreme Court has listed three factors that may be considered in deciding whether judicial estoppel applies: (1) whether a party's later position is "clearly inconsistent" with its earlier position, (2) "whether the party has succeeded in persuading a court to accept that party's earlier position," and (3) whether the party "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001). These factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* The Ninth Circuit has considered these factors when applying judicial estoppel in a bankruptcy context. *See Hamilton,* 270 F.3d at 782-86.

The bankruptcy court rejected the Debtors' estoppel argument, finding the effect of the sale order unclear. Doc. 6 at 15. The bankruptcy court reasoned that because the sale motion and sale order do not cite any authority under the Bankruptcy Code for the relief Debtors requested, the order's effect cannot be determined by referencing a specific statutory provision. *Id.* The bankruptcy court also noted that the "free and clear" language used by the Debtors in their sale motion appears in § 363(f) of the Bankruptcy Code, but that provision applies to trustees, not debtors, and permits a property sale free and clear of any interest from "an entity *other than the estate*," not the estate itself. 11 U.S.C. § 363(f) (emphasis added). The Court agrees that the sale order is unclear, and the Trustee therefore cannot be said to have taken a position with respect to the order that is "clearly inconsistent" with its position now.

In addition, as noted above, the doctrine applies only if the Trustee persuaded the bankruptcy court to accept the Trustee's position at the time of the sale motion. *New Hampshire,* 532 U.S. at 750. The Trustee did not persuade the bankruptcy court to take any position at the time of the sale motion – he did not respond to the motion.

Further, the doctrine applies only if the Trustee's change of position would impose

an "unfair advantage or impose an unfair detriment" on the Debtors. *Id.* But the Debtors do not identify any different action they could have taken at the time of the sale motion to protect their property from the effects of § 33-1101(C) if the Trustee had responded to the motion. The Court concludes below that § 33-1101(C) applies to this case. Thus, the Debtors were subject to the eighteen-month reinvestment requirement in any event, and the Trustee's failure to oppose the sale motion did not mislead them into thinking otherwise. To the contrary, the fact that the Debtors filed their motion to determine the status of the sale proceeds shows that they were aware of the Trustee's position months before the eighteen-month period expired, and yet they still failed to reinvest the proceeds from the sale so as to avoid the effect of § 33-1101(C). The Debtors have not shown that the Trustee's failure to respond to their first motion somehow caused them to be subject to a statutory requirement they otherwise would have avoided.

For all of these reasons, the Court concludes that the bankruptcy court did not abuse its discretion by refusing to apply the doctrine of judicial estoppel to the Trustee's turnover motion.[2]

**B.    Applicability of A.R.S. § 33-1101(C).**

The Debtors next argue that the bankruptcy court erred in finding that the sale of the Debtors' homestead was subject to the eighteen-month reinvestment requirement in A.R.S. § 33-1101(C). They argue that § 33-1101(C) "is preempted to the extent it would deny debtors protections guaranteed under Section 522 [of the Bankruptcy Code]." Doc. 5 at 10-13. Specifically, the Debtors argue that exempt property, whether claimed under federal or state bankruptcy exemptions, is protected against being liable for debts

---

[2] The Debtors argue in their opening brief, but not in their reply, that the bankruptcy court's ruling on the sale motion was "law of the case" that precluded a different conclusion later. The Court does not agree that a bankruptcy judge is precluded by "law of the case" from reaching a different conclusion in later proceeding in the same matter. But even if the doctrine of law of the case were to be applied, it would not support the Debtor's position. For the doctrine to apply, "the issue in question must have been decided either expressly or by necessary implication in the previous disposition." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (citation and quotation marks omitted). When it entered the order on the sale motion, the bankruptcy court did not decide that the Debtor's sale was not subject to the reinvestment requirements of § 33-1101(C).

- 5 -

under § 522(c) and § 522 (k), and this protection necessarily extends to the proceeds from the sale of exempt property. *Id.* at 11, 13. The Debtors argue that if the protections of § 522 (c) and (k) extend to the proceeds, then § 33-1101 (C) is in direct conflict with § 522 because the eighteen-month reinvestment requirement allows exempted sale proceeds to become unprotected. *Id.*

The Debtors acknowledge that they did not raise this argument in the bankruptcy court. Doc. 5 at 11 n.1. A district court generally will not consider arguments raised for the first time on appeal, although it has discretion to do so in certain exceptional circumstances. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). One such exceptional circumstance is when the new argument is purely one of law and does not depend on the factual record below. *Id.* The Court finds that the Debtors' argument falls under this exception.

The Debtors further acknowledge that this argument can succeed only if the Court ignores binding Ninth Circuit precedent. Doc. 5 at 10, 17. In *In re Jacobson*, 676 F.3d 1193 (9th Cir. 2012), the Court of Appeals was asked to decide the applicability of California's homestead exemption reinvestment requirement, which compelled a debtor to turn over proceeds from the sale of her exempt homestead after she failed to reinvest those proceeds within the six months permitted by the statute. *In re Jacobson*, 676 F.3d at 1198-99. Before *Jacobson*, California had elected to opt out of the Bankruptcy Code's list of default property exemptions outlined in § 522(d), and defined their own exemptions as permitted by § 522(b)(2). *Id.* at 1198. California provided a homestead exemption similar to the exemption provided by many states, including Arizona. *Id.*; *In re White*, 377 B.R. 633, 643 (Bankr. D. Ariz. 2007) (recognizing that California's homestead exemption is similar to A.R.S. § 33-1101).

The debtor in *Jacobson* argued that the reinvestment requirement should be read out of California's homestead exemption. *In re Jacobson*, 676 F.3d at 1200. *Jacobson* rejected the argument, stating that "nothing in 11 U.S.C. § 522(b) limits California's power to restrict the scope of its exemptions; indeed, it could theoretically accord no

exemptions at all." *Id.* (internal quotations omitted). *Jacobson* held that bankruptcy exemptions are fixed at the time of the bankruptcy petition's filing, and the entire state law that is applicable on the petition's filing date, including the reinvestment requirement, is determinative of whether an exemption applies. *Id.*. Accordingly, proceeds from the sale of the homestead lost their exempt status when they were not reinvested within six months, and the debtor was compelled to turn them over to the trustee. *Id.*

The Debtors recognize that *Jacobson* creates a binding precedent on this Court. Doc. 5 at 10-17. They contend, however, that "*Jacobson* was wrongly decided and its reasoning should not be followed in this case." *Id.* at 17. This Court is not free to ignore binding circuit precedent.

### C. Defense of Laches.

The Debtors argue that the bankruptcy court improperly rejected their laches defense. *Id.* at 17-19. This Court reviews this decision for abuse of discretion. *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002).

"Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (internal quotation marks and citations omitted). There is a presumption that the doctrine of laches "is a relevant and necessary doctrine in the bankruptcy context." *In re Beaty*, 306 F.3d at 922. "The affirmative defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Id.* at 926 (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)).

In considering whether the Trustee's delay in filing his turnover motion was unreasonable, a court must examine the length of the delay between when the trustee knew of a potential right or claim and when he acted on that knowledge, as well as the circumstances surrounding the Trustee's delay. *See Id.* at 927. The bankruptcy court found no lack of diligence or unreasonable delay. Doc. 6 at 17.

Section 704(a) of the Bankruptcy Code requires only that a trustee close an estate "as expeditiously as is compatible with the best interest of the parties in interest." 11 U.S.C. § 704(a). It is undisputed that the docket shows no affirmative action by the Trustee for nearly three years. *See* Bankr. Doc. 21, 42. The Debtors argue that because the Trustee took no action regarding their case for nearly three years, the Trustee has failed to act diligently as required by § 704(a). Doc. 5 at 18. The bankruptcy court noted that it is common for a Chapter 7 trustee's efforts to take place off the docket. Doc. 6 at 17. The Trustee filed a declaration explaining that he had not closed the estate for reasons unrelated to the homestead sale, and the bankruptcy court found the Trustee's explanation to be reasonable. *Id.* at 17-18. The Trustee filed his turnover motion only six weeks after expiration of the eighteen-month reinvestment period. *Id.*; Bankr. Doc. 42. The Court cannot conclude that the bankruptcy court abused its discretion.

The Debtors have also failed to show what prejudice they have suffered as a result of the Trustee's delay. The Debtors state only that they have been denied a fresh start and risk having to turn over a significant portion of the proceeds from the sale of their homestead. Doc. 5 at 18. But this result arises from the reinvestment requirement of § 33-1101(C), not from the Trustee's delay, and generic claims of prejudice do not suffice for a laches defense. *In re Beaty*, 306 F.3d at 928.

Moreover, the Debtors filed their motion to determine the status of the sale proceeds six months after they sold the property. The motion noted the Trustee's position that the reinvestment requirement applied, and the Trustee promptly filed an objection to the Debtor's motion. *See id.* at 18; Doc. 5 at 7. Despite their knowledge of the Trustee's interest in the proceeds, the Debtors chose not to pursue a resolution of the issue. As the bankruptcy court noted, the Debtors could have requested a hearing on their motion or could have filed a separate motion to compel the Trustee to abandon his interest in the sale proceeds. Doc. 6 at 18. They did neither, and the Trustee filed his turnover motion within weeks after the eighteen-month period expired. The bankruptcy court did not abuse its discretion by rejecting the Debtors' equitable defense of laches.

1     **IT IS ORDERED** that the decision below is **affirmed**.

2     Dated this 2nd day of March, 2015.

*David G. Campbell*
United States District Judge